IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:16-HC-2242-FL

| LEROY WILLIAMSON, | ) |  |
|---|---|---|
|  | ) |  |
| Petitioner, | ) |  |
|  | ) |  |
| v. | ) | ORDER |
|  | ) |  |
| JUSTIN ANDREWS, | ) |  |
|  | ) |  |
| Respondent. | ) |  |

Petitioner, a federal prisoner proceeding pro se, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The matter is before the court on respondent's motion to dismiss (DE 14), filed pursuant to Federal Rule of Civil Procedure 12(b)(1). The motion has been fully briefed and thus the issues raised are ripe for adjudication. For the reasons explained below, respondent's motion to dismiss is granted, and the petition is dismissed without prejudice.

## BACKGROUND

On April 6, 2011, petitioner pleaded guilty in this court pursuant to a plea agreement to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g) and 924. See United States v. Williamson, No. 7:10-CR-00123 (E.D.N.C. Apr. 6, 2011). On July 11, 2011, petitioner was sentenced pursuant to the Armed Career Criminal Act ("ACCA") to a term of 180 months imprisonment. Id. (June 23, 2011; July 11, 2011). Petitioner's ACCA enhancement was based on 35 previous convictions for breaking or entering, in violation of N.C. Gen. Stat. § 14-54(a), as well as various other felonies. Id. (June 23, 2011). On July 8, 2015, the court denied petitioner's first motion to vacate his conviction or sentence under 28 U.S.C. § 2255. Id. (July 8, 2015). On

August 10, 2015, petitioner filed a petition for writ of habeas corpus under § 2241, which the court subsequently dismissed. Id. (Aug. 10, 2015; July 22, 2016). Additionally, on December 14, 2016, the United States Court of Appeals for the Fourth Circuit denied petitioner's application for authorization to file a second or successive § 2255 motion. Id. (Dec. 14, 2016).

On October 3, 2016, petitioner filed the instant petition for writ of habeas corpus, arguing that his ACCA enhancement was improper because the United States Sentencing Commission recently removed burglary as an enumerated predicate conviction for purposes of the Sentencing Guidelines career offender provision. Respondent subsequently filed motion to dismiss the petition, arguing the court lacks subject matter jurisdiction. Petitioner responded to the motion to dismiss, and has filed various supplemental briefs in further support of his claims. In his supplemental filings, petitioner also argues that certain of his breaking or entering convictions should not have been counted as predicate convictions for purposes of applying the ACCA enhancement.

## DISCUSSION

A.  Standard of Review

A Rule 12(b)(1) motion challenges the court's subject matter jurisdiction, and the petitioner bears the burden of showing that federal jurisdiction is appropriate when challenged by the respondent. McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936); Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). Such a motion may either 1) assert the complaint fails to state facts upon which subject matter jurisdiction may be based, or 2) attack the factual basis for subject matter jurisdiction, apart from the complaint. Bain, 697 F.2d at 1219. Under the former assertion, the moving party contends that the complaint "simply fails to allege facts upon which subject matter jurisdiction can be based." Id. In that case, "the [petitioner], in effect, is afforded the same

2

procedural protection as he would receive under a Rule 12(b)(6) consideration." Id. "[T]he facts alleged in the complaint are taken as true, and the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction." Kerns v. United States, 585 F.3d 187, 192 (4th Cir. 2009). When the respondent challenges the factual predicate of subject matter jurisdiction, a court "is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Richmond, Fredericksburg & Potomac R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). The nonmoving party "must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists." Id.

B.  Analysis

Pursuant to § 2241, a federal court may issue a writ of habeas corpus to a federal or state prisoner if the prisoner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(a), (c)(3). The legality of a federal prisoner's conviction or sentence, however, must be challenged under 28 U.S.C. § 2255 unless "the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); see In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc). Although petitioner filed his claim under 28 U.S.C. § 2241, he is in fact attacking the legality, rather than the execution, of his sentence.

The Fourth Circuit recently examined the prerequisites used to determine when § 2255 is an inadequate or ineffective remedy in the context of sentencing errors. See United States v. Wheeler, 886 F.3d 415, 428-429 (4th Cir. 2018). The court held:

> § 2255 is inadequate and ineffective to test the legality of a sentence when: (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion,

3

> the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

Id. at 429. If petitioner cannot satisfy each of these four requirements, § 2255 is not inadequate or ineffective to test the legality of the sentence, and the court lacks subject matter jurisdiction to consider the claim under § 2241. Id. at 426.

Here, petitioner cannot satisfy the second prong of the Wheeler test because he has not shown the substantive law establishing the legality of his sentence at the time it was imposed "changed and was deemed to apply retroactively on collateral review." Id. at 429. The ACCA establishes a 15-year mandatory minimum for defendants convicted of being a felon in possession of a firearm and who have three prior convictions, committed at different times, for a violent felony. 18 U.S.C. § 924(e)(1). The definition of the term "violent felony" includes any felony that "is burglary, arson or extortion." Id. At the time of his sentence, the court determined petitioner qualified as an armed career criminal as a result of 35 breaking or entering convictions (most of which were committed on different occasions) identified in his presentence report. Petitioner's breaking or entering convictions qualify as burglaries under the ACCA. United States v. Mungro, 754 F.3d 267, 272 (4th Cir. 2012) (holding North Carolina breaking or entering conviction qualifies as burglary under the ACCA).

Petitioner's argument that his breaking or entering convictions no longer qualify as ACCA predicates because the Sentencing Commission removed burglary as a predicate conviction from the career offender provision is misplaced. Petitioner was sentenced under the ACCA, not the career offender provision, and the Sentencing Commission has no authority to change the enumerated

4

predicate convictions set forth in the ACCA, a federal statute. See United States v. Hood, 556 F.3d 226, 233 (4th Cir. 2009) ("[T]he Sentencing Commission has no authority to lower a statutory mandatory minimum"), overruled on other grounds, United States v. Williams, 808 F.3d 253 (4th Cir. 2015). As the ACCA's enumerated predicate convictions were not changed by the Sentencing Commission's decision to remove burglary from the career offender provision, petitioner cannot show the substantive law has changed rendering his ACCA sentence illegal.

Petitioner cites to Johnson v. United States, 135 S. Ct. 2551 (2015), in support of his claims. Petitioner appears to argue that because the Sentencing Commission removed burglary from the career offender provision, his breaking or entering convictions now fall within the ACCA residual clause invalidated in Johnson. (Pet. (DE 1-1) at 5). Johnson, however, did not invalidate the enumerated offenses set forth in the ACCA, and as explained above the Sentencing Commission's modification of the career offender provision does not affect the ACCA. See Johnson, 135 S. Ct. at 2563. Because petitioner's breaking or entering convictions qualify as burglaries under the ACCA, petitioner's ACCA enhancement remains appropriate post Johnson. Mungro, 754 F.3d at 272.

Petitioner also argues that his breaking or entering convictions do not qualify as ACCA predicate convictions under Descamps v. United States, 570 U.S. 254 (2013). As the court previously has explained to petitioner, Descamps does not apply retroactively. See Williamson v. United States, No. 7:10-CR-123-FL, 2015 WL 4130863, at *3 (July 8, 2015) (providing extensive explanation of why Descamps does not apply retroactively and citing numerous court of appeals decisions holding same). Additionally, as the court also has explained to petitioner, Descamps does not render any of petitioner's predicate convictions invalid. See id. at *6; see also Mungro, 754 F.3d

5

at 272 (holding breaking or entering under N.G. Gen. Stat. § 14-54(a) qualifies as burglary under test set forth in Descamps). Thus, petitioner cannot satisfy the second prong of the Wheeler test with respect to his Descamps claim.

Finally, petitioner argues that he should not have been sentenced as a career offender under United States v. Newbold, 791 F.3d 455 (4th Cir. 2015), because certain of his breaking or entering convictions were consolidated for judgment and thus he could not have received more than 10 years imprisonment for those convictions. (Pet'r's Supplemental Pleading (DE 7) at 3-4). Under the ACCA, a drug offense qualifies as a predicate conviction if, among other things, it was an offense punishable by a "maximum term of imprisonment of ten years or more." 18 U.S.C. § 924(e)(2)(A). Newbold held that for purposes of the ACCA's definition of serious drug offense, United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), mandated that the sentencing court examine whether the defendant's specific criminal history and offense characteristics exposed him to a sentence greater than 10 years imprisonment. Newbold, 791 F.3d at 464.

Petitioner, by contrast, was sentenced under the ACCA's violent felony clause, which is defined in relevant part as "any crime punishable by imprisonment for a term exceedingly one year [and] is burglary, arson, or extortion." 18 U.S.C. § 924(e)(2)(B). Petitioner has at least three qualifying felonies under this provision and Simmons/Newbold because he has at least three breaking or entering convictions (which qualify as burglaries under the ACCA), committed on different occasions, and for which he received sentences exceeding one year. (See, e.g., Presentence Investigation Report (DE 29) ¶¶ 8, 13, 14, 15, 26, 31, 34). Accordingly, Newbold does not render petitioner's sentence illegal, and thus petitioner cannot satisfy the second prong of the Wheeler test.

6

To summarize, petitioner has not shown that § 2255 is an inadequate or ineffective remedy under the Wheeler test, and thus the court does not have jurisdiction to consider the petition. Wheeler, 886 F.3d at 426. The court cannot convert the petition into a § 2255 motion because petitioner must obtain authorization from the United States Court of Appeals for the Fourth Circuit to file a second or successive § 2255 motion. 28 U.S.C. § 2244(b)(3)(A).

## CERTIFICATE OF APPEALABILITY

After reviewing the claims presented in the habeas petition in light of the applicable standard, the court determines that reasonable jurists would not find the court's treatment of any of petitioner's claims debatable or wrong, and none of the issues deserve encouragement to proceed further. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003). Accordingly, the court denies a certificate of appealability.

## CONCLUSION

Based on the foregoing, respondent's motion to dismiss (DE 14) is GRANTED and the petition is DISMISSED without prejudice. A certificate of appealability is DENIED. The clerk of court is DIRECTED to close this case.

SO ORDERED, this the 28th day of August, 2018.

LOUISE W. FLANAGAN
United States District Judge